# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RIKI P. WINN, | ) | CASE NO. 1:18-cv-2121 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | } | ORDER |
| | ) | |
| DESEAN MONTGOMERY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On September 17, 2018, *pro se* plaintiff Riki Winn ("Winn") filed a complaint with this Court pursuant to "common law." (Doc. Nos. 1, 3.) At the time he filed the complaint, Winn was confined at the Cuyahoga County Jail in Cleveland, Ohio. The allegations in the complaint concern an altercation with defendant Desean Montgomery on June 3, 2017, and Winn seeks $9,000.00 in damages. (Doc. No. 1.)

Winn filed a motion to proceed with this action *in forma pauperis*. (Doc. No. 2.) Magistrate Judge Kathleen Burke determined the motion was deficient and, on October 26, 2018, ordered Winn to either pay the filing fee or complete and file the financial application attached thereto, and to refile the complaint to correct deficiencies in the pleading.[1] (Doc. No. 4 at 8.[2])

---

[1] It appears from the complaint that Winn signed the name of Attorney Regis McGann to the pleading. The deficiency order directed that another pleading be filed that is signed by either Winn, or by Attorney McGann as counsel for Winn.

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

The deficiency order provided Winn with thirty (30) days to comply, and expressly warned that "[f]ailure to comply with this Order may result in dismissal of this action without further notice." (*Id*.) The docket indicates that on October 26, 2018, a copy of the deficiency order was mailed to Winn at his address of record and to the office of Attorney Regis McGann. On November 30, 2018, the mailing to Winn was returned to the Court with the envelope marked "RTS" (Doc. No. 5). Winn did not timely advise the Court of his current address and has failed to comply with the magistrate judge's order requiring him to file a complaint either signed by him or by his attorney.[3]

Winn has an affirmative duty to timely advise the Court of any change to his address. *Barber v. Runyon*, 23 F.3d 406 (6th Cir. 1994) (Table) (citation omitted). "By failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action." *Walker v. Cognis Oleo Chem., LLC*, No. 1:07CV289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010) (citing among authority *Barber v. Runyon*).

Fed. R. Civ. P. 41(b) provides the Court with authority to dismiss a case for failure to prosecute or to comply with the Court's orders as a tool to effectively manage its docket. *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999) (citation omitted). The Court considers four factors when determining whether a case is subject to dismissal for failure to prosecute: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic

---

[3] The Court observes that, on December 19, 2018, well after the thirty days allotted by the magistrate judge to comply with her order, Winn filed a motion to proceed *in forma pauperis* that contained a different address. (Doc. No. 6.) However, the Court has no way of knowing from the record whether this is Winn's new address. More importantly, Winn still has yet to comply with the magistrate judge's directive to file a properly signed complaint.

sanctions were imposed or considered before dismissal was ordered." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll.,* 176 F.3d at 363).

First, the Court finds that Winn's failure to comply with the deficiency order was due to his willfulness and fault because he failed to update his address with the Court. Second, defendant has not been prejudiced by Winn's failure to update his address with the Court. As to the third factor, the deficiency order warned Winn that failure to comply may result in dismissal of this action without further notice. Finally, the Court concludes that an alternate sanction would not be effective because Winn has already failed to fulfill his obligation to prosecute this case and ignored the deficiency order. After balancing these factors, the Court exercises its discretion to dismiss this action without prejudice pursuant to Rule 41(b). *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (affirming district court's dismissal without prejudice for want of prosecution where *pro se* plaintiff was ordered to pay filing fee and warned that failure to comply may result in dismissal, but order was returned to the court bearing the notation "Paroled" and plaintiff failed to apprise the court of his current address).

Accordingly, this action is dismissed without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.


Dated: March 4, 2019

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**